**In re Anthony McNEAL, Debtor.**

**Bankruptcy No. 02–44476NK.**
**R.S. No. 02–1252.**

United States Bankruptcy Court,
N.D. California.

Dec. 17, 2002.

Anthony McNeal, Pittsburg, CA, for plaintiff pro per.

Robert Irvine, Sacramento, CA, for defendant pro per.

John T. Kendall, Alameda, CA, trustee.

### ORDER

RANDALL J. NEWSOME, Bankruptcy Judge.

This matter is before the Court following a hearing on October 23, 2002, on an Order to Show Cause why pre-petition compensation paid by Anthony McNeal ("the Debtor") to Robert Irvine ("Irvine") should not be disgorged.

## Facts

In response to the Order to Show Cause and prior to the October 23, 2002 hearing, Irvine submitted a copy of his employment agreement with the Debtor (the "Agreement"), dated May 29, 2002; time sheets detailing services he performed on behalf of Debtor; a statement noting that Irvine is not an attorney and that he was hired to deal with the Debtor's home mortgage lender, Fairbanks Capital Corporation; and various financial documents used in his dealings with Fairbanks Capital. At the hearing, Irvine submitted his business card, which identifies Irvine as a "Foreclosure Consultant." The Agreement provides, and at the hearing Irvine and the Debtor stated, that the Debtor paid Irvine $750 for his foreclosure consultant services.

The time sheets show that Irvine spoke to Fairbanks Capital on three occasions, and submitted financial information to Fairbanks Capital on the Debtor's behalf, but that he failed to obtain a loan modification, or otherwise postpone a pending August 20, 2002 foreclosure sale of the Debtor's residence. Consequently, to postpone the foreclosure sale the Debtor filed this chapter 7 bankruptcy case on August 19, 2002.

## Analysis

California Civil Code § 2945, *et seq.*, governs foreclosure consultants dealings with real property owners. Section 2945 requires foreclosure consulting contracts to be in writing, and is intended, *inter alia*, to "safeguard the public against deceit and financial hardship ... prohibit representations that tend to mislead and ... encourage fair dealing in the rendition of foreclosure services." Section 2945 is to be "liberally construed to effectuate" its intent and purpose, and provides for civil and criminal penalties for violations of its provisions. Cal. Civ.Code §§ 2945;

2945.6; 2945.7; *Onofrio v. Rice*, 55 Cal. App.4th 413, 422, 64 Cal.Rptr.2d 74 (1997).

In relevant part, § 2945.1, defines a foreclosure consultant as,

(a) any person who makes any solicitation, representation, or offer to any owner to perform for compensation or who, for compensation, performs any service which the person in any manner represents will in any manner do any of the following:

(1) Stop or postpone the foreclosure sale;

(2) Obtain any forbearance from any beneficiary or mortgagee;

...

(8) Save the owners's residence from foreclosure.

Cal. Civ.Code 2945.1(a)(1)–(2),(8); *see also*, *Onofrio v. Rice*, 55 Cal.App.4th at 418–19, 64 Cal.Rptr.2d 74. Services performed by a foreclosure consultant include, but are not limited to, contacting creditors on behalf of an owner of a residence in foreclosure, or arranging or attempting to arrange a delay or postponement of a sale of the residence in foreclosure. Cal. Civ. Code § 2945.1(d). In accordance with § 2945.1, and based upon the Agreement, Irvine's business card, and the record established at the October 23, 2002 hearing, this Court finds that Irvine was operating as a foreclosure consultant at all times when dealing with and on behalf of the Debtor.

A foreclosure consultant contract must contain a notice, in the form specified by § 2945.3(b), informing that the foreclosure consultant, or anyone working for the foreclosure consultant, cannot take any money from the property owner or ask the owner for any money until the foreclosure consultant "has completely finished doing everything he or she said he or she would do." Furthermore, a "Notice of Cancellation" in

the form specified by § 2945.3(e), must be attached to the foreclosure consulting contract, and provided to the owner. *See,* Cal. Civ.Code § 2945.3(f). Until the foreclosure consultant has complied with all of the provisions of § 2945.3, "the owner may cancel the contract." Cal. Civ.Code § 2945.3(g).

It is a violation of § 2945 for a foreclosure consultant to "[c]laim, demand, charge, collect, or receive any compensation until after the foreclosure consultant has *fully performed each and every service the foreclosure consultant contracted to perform or represented he would perform.*" Cal. Civ.Code § 2945.4(a) (italics added). Furthermore, it is a violation for a foreclosure consultant to "[i]nduce or attempt to induce any owner to enter into a contract *which does not comply in all respects*" with § 2945.3. Cal. Civ.Code § 2945.4(g) (italics added).

Pursuant to the Agreement, Irvine contracted with the Debtor "for the purpose of attempting to postpone the forced sale of the property owned by [the Debtor], and/or negotiate alternatives to the foreclosure process." (Agreement at ¶ 1.) This Court finds that Irvine violated § 2945.4(a), in that he demanded, charged, collected and/or received compensation from the Debtor prior to fully performing the loan modification and foreclosure sale postponement services he contracted to perform. This Court further finds that Irvine has violated § 2945.4(g) in that the Agreement, on its face, fails to include the notice provision required by § 2945.3(b), and that the "Notice of Cancellation" form required by § 2945.3(e) is not attached to the Agreement.

Section 2945.6 provides that in an action by an owner against a foreclosure consultant for any violation of § 2945, "judgment shall be entered for actual damages, reasonable attorneys' fees and costs, and appropriate equitable relief." The court also may in its discretion award exemplary damages, and shall award exemplary damages equal to at least three times the compensation received by a foreclosure consultant found in violation of § 2945.4(a), (b) or (d), and three times the owner's actual damages for any violation of § 2945.4(c), (e) or (g), in addition to any other award of actual or exemplary damages. *See, Onofrio,* 55 Cal.App.4th at 423, 64 Cal.Rptr.2d 74 (court must award exemplary damages of at least three times compensation paid for violation of § 2945.4).

In accordance with the foregoing, the Court hereby finds that the Debtor has incurred actual damages totaling $750, the amount he paid to Irvine. The record and file in this case shows that the Debtor was not represented by an attorney, therefore the Debtor has not incurred any attorneys' fees or costs and none is awarded here. Additionally, pursuant to § 2945.6(a), the Court awards exemplary damages of $2,250, which is equivalent to three times the compensation paid by the Debtor to Irvine, for a total award of actual and exemplary damages of $3,000.

Based upon the foregoing, Robert Irvine is hereby ordered pay to the Debtor $3,000, within 15 days of the filing date of this Order.

**IT IS SO ORDERED.**